MICHAEL P. KALISH       #7337-0
735 Bishop Street, Suite 219
Honolulu, Hawaii 96813
Telephone: (808) 538-0088
Facsimile: (808) 550-8899
Email: mpkalish.esq@gmail.com

STUART T. ING       #7284-0
1330 Ala Moana Blvd., Suite 301
Honolulu, Hawaii 96814
Tel: (808) 521-6600
Fax: (808) 356-0256
Email: stuart@bankruptcyhi.com

Attorneys for Plaintiff
JOEL PATRICIO

ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
SEP 27 2010
at __ o'clock and __ min. __ M
SUE BEITIA, CLERK

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JOEL PATRICIO,<br><br>    Plaintiff,<br><br>vs.<br><br>GLOBAL CREDIT & COLLECTION CORP., a Delaware corporation, DOES 1-10, DOE PARTNERSHIPS 1-10, DOE CORPORATIONS 1-10, DOE NON-PROFIT CORPORATIONS 1-10, and DOE GOVERNMENTAL ENTITIES 1-10<br>    Defendant. | Civil Action No. CV10-00548 JMS LEK<br><br>COMPLAINT AND DEMAND FOR JURY TRIAL; SUMMONS<br><br>(Unlawful Debt Collection Practices) |

## COMPLAINT

### I. INTRODUCTION

1.  This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA") and Hawaii Revised Statutes Chapters 443B and Chapter 480, which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2.  Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C §§ 2201 and 2202. Venue in this District is proper in that the defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

3.  Plaintiff JOEL PATRICIO ("Plaintiff"), is a natural person, who at all relevant times herein was a resident of Honolulu, Hawaii.

4.  Defendant GLOBAL CREDIT & COLLECTION CORPORATION ("Defendant") is a Delaware corporation engaged in the business of collecting debt in this state with its principal place of business located at Williamsville, New York. A principal purpose of Defendant is the collection of debts in this state and Defendant regularly attempts to collect debts alleged to be due another.

5. Defendants DOES 1-10, DOE PARTNERSHIPS 1-10, DOE CORPORATIONS 1-10, DOE NON-PROFIT CORPORATIONS 1-10, and DOE GOVERNMENTAL ENTITIES 1-10 are individuals, corporations, partnerships, non-profit corporations and governmental agencies who are being sued under fictitious names for the reason that their true names and identities are unknown to Plaintiff, but said Defendants are connected in some manner with the named Defendant and are agents, servants, masters, employees, employers, representatives, co-adventurers, associates, vendors, suppliers, manufacturers, subcontractors and/or owners, lessees, assignees, licensees and designers of the above-named Defendants and/or were in some manner presently unknown to Plaintiff engaged in the activities alleged herein and/or in some manner responsible for the injuries or damages to Plaintiff; and/or inspected and/or controlled some object or product in a negligent manner, which negligence was the legal cause of injuries to Plaintiff and/o conducted some activity in a negligent manner or dangerous manner, which negligent or dangerous conduct was the legal cause of injuries or damages to Plaintiff; and/or are in some manner related to the named Defendants, and their identities can best be determined by conducting formal discovery from Defendants above-named.

6. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the

FDCPA, 15 U.S.C. § 1692a (6).

## IV. FACTUAL ALLEGATIONS

7. On or about June 25, 2010 at about 7:00 a.m., Plaintiff received a telephone call from an individual who identified herself as Michele Cote ("Ms. Cote"). Ms. Cote identified herself as a collection agent working on behalf of Defendant. In that conversation, Ms. Cote attempted to obtain Plaintiff's date of birth and his social security number.

8. On or about June 28, 2010 at about 1:55 p.m., Plaintiff received another telephone call from Defendant's agent Ms. Cote. In that conversation, Plaintiff informed Ms. Cote that he was represented by Hawaii bankruptcy attorney Stuart Ing ("attorney Ing").

9. On or about June 29, 2010, Plaintiff received a telephone call from an individual who identified himself as Defendant's agent and Ms. Cote's manager concerning the alleged debt. Plaintiff informed this individual that he was represented by an attorney to which to which Defendant's agent responded by telling Defendant to "grow up".

10. On or about June 30, 2010, Plaintiff received another telephone call from Ms. Cote. In this conversation, Ms. Cote demanded to know what Defendant was going to do about the alleged debt. Defendant again informed Ms. Cote that he was represented by an attorney.

11. On or about July 1, 2010, at about 9:19 a.m., Plaintiff received another

telephone call from Ms. Cote. In this conversation, Ms. Cote demanded payment from Defendant. Defendant again informed Ms. Cote that he was represented by an attorney.

12. On the same day, at about 9:25 a.m., Plaintiff received a second telephone call from Ms. Cote. In this conversation, Ms. Cote stated to Plaintiff that Stuart Ing was not Plaintiff's attorney, that Plaintiff was lying about being represented by legal counsel, and that Defendant needed to "grow up".

13. On or about July 5, 2010, John Matthews ("Mr. Matthews"), legal assistant for attorney Ing, called Defendant and spoke to an individual who identified herself as "Ms. Cote." In that conversation, Mr. Matthews informed Ms. Cote that Plaintiff was represented by attorney Ing.

14. On or about July 12, 2010, at about 7:30 a.m., Plaintiff received another telephone call from Ms. Cote. In this conversation she informed that Defendant that she had spoken with attorney Ing, that attorney Ing would not answer to her questions, and that, in any event, attorney Ing did not have "power of attorney".

15. On or about July 20, 2010, at about 2:54 p.m., Plaintiff received another telephone call from the individual who represented that he was Ms. Cote's "manager". In this conversation the individual stated that attorney Ing "does not have power of attorney", that attorney Ing is not a licensed attorney, that attorney Ing is ignorant of the law, that Defendant was lying about being represented by an attorney, and that attorney Ing was "just your friend".

## V. FIRST CLAIM FOR RELIEF
### (FDCPA Violations)

16. Plaintiff repeats and realleges and incorporates by reference paragraphs 1 through 15 above.

17. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

    (a) Defendant violated 15 U.S.C. § 1692d(2) by using profane and other abusive language in its communications with Plaintiff.

    (b) Defendant violated 15 U.S.C. § 1692d(5) by causing Defendant's phone to ring repeatedly.

    (c) Defendant violated 15 U.S.C. § 1692c(a)(2) by continuing to communicate with Plaintiff after Plaintiff had informed Defendant that he was represented by an attorney.

    (d) Defendant violated 15 U.S.C. § 1692e(2) by communicating to Plaintiff a false impression of the character, amount, and/or legal status of the alleged debt.

    (e) Defendant violated 15 U.S.C. §1692e(7) by communicating to Plaintiff a false impression that Plaintiff committed any crime or other conduct in order to disgrace the Plaintiff.

18. As a result of the above violations of the FDCPA, the Defendants are liable to the Plaintiff for declaratory judgment that Defendants' conduct violated the

FDCPA, and Plaintiff Cross's actual damages, statutory damages, and costs and attorney's fees.

## VI. SECOND CLAIM FOR RELIEF
### (HRS CHAPTER 443B Violations)

19. Plaintiff repeats and realleges and incorporates by reference paragraphs 1 through 18 above.

20. Defendant violated Hawaii Revised Statutes Chapter 443B Collection Agencies ("HRS §443B-___"). Defendant's violations include, but are not limited to the following:

   (a)   Defendant violated HRS §443B-16 by oppressing, harassing, and abusing Defendant by using profane and/or obscene language that was intended to abuse Defendant.

   (b)   Defendant violated HRS §433B-18 by using fraudulent, deceptive and misleading representations or means to collect an alleged debt.

   (c)   Defendant violated HRS §433B-19(5) by using unfair and unconscionable means to collect an alleged debt, to wit, communication with Plaintiff after Defendant was informed that Plaintiff was represented by legal counsel.

21. As a result of the above violations of the HRS Chapter 443B, Defendant is liable to the Plaintiff for declaratory judgment that Defendant's conduct violated HRS Chapter 443B, and Plaintiff's actual damages, statutory damages, and costs and

attorney's fees.

## VII. THIRD CLAIM FOR RELIEF
(Hawaii Unfair and Deceptive Acts)

22. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 19 above.

23. Defendant's multiple violations of 15 U.S.C. § 1692 *et seq.* and HRS Chapter 443B constitute violations of HRS Chapter 480.

24. As a result of the above violations of HRS Chapter 480, Defendant is liable to Plaintiff for injunctive and declaratory relief and for actual damages, statutory damages, and attorneys' fees and costs.

## VIII. THIRD CLAIM FOR RELIEF
(Punitive Damages)

25. Plaintiff repeats and realleges and incorporates by reference paragraphs 1 through 22 above.

26. In doing all things alleged herein, Defendant acted willfully, wantonly, maliciously, oppressively and/or with a wanton disregard for the rights of Plaintiff, and by reason thereof, Plaintiff is entitled to exemplary or punitive damages in an amount to be shown at trial.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. For special damages in an amount to be proven at trial;

B. For general damages in an amount to be proven at trial;

C.  As to third claim for relief, for threefold the damages sustained by Plaintiff plus their attorneys' fees and costs;

D.  For exemplary or punitive damages in an amount to be proven at trial;

E.  For their costs and expenses incurred herein, including attorneys' fees;

F.  For pre-judgment and post-judgment interest;

G.  For statutory damages pursuant to 15 U.S.C. § 1629k.

H.  For statutory damages pursuant to Hawaii Revised Statutes §§ 443B-20 and 480-13.

I.  For such other and further relief as may be just and proper.

DATED: Honolulu, Hawaii, __SEP 27 2010__.

MICHAEL P. KALISH
STUART T. ING
Attorneys for Plaintiff
JOEL PATRICIO

9